| | |
|---|---|
| ANDREW U. D. STRAW, *Plaintiff*, | Case#: 7:23-cv-1475-FL |
| v. | Hon. Louise W. Flanagan Judge Presiding |
| UNITED STATES OF AMERICA, *Defendant*. | Hon. Magistrate Judge |
| | JURY TRIAL DEMANDED |

## LETTER RE MOTION TO STRIKE JURY TRIAL DEMAND IN 7:23-cv-897

I, *Plaintiff* Andrew U. D. Straw, make this LETTER to express my family and my positions on the jury trial right DOJ is trying to destroy for Camp LeJeune victims:

1. The Court has been slowly moving in the direction of trials for the Camp LeJeune Justice Act matters in 2024. **7:23-cv-897**

2. On **November 20, 2023**, the defendant by counsel made a long string of admissions, it seems hundreds of them, appearing throughout and on **every page from pages 1 to 48**, in its Answer at **Dkt. 50** of the consolidated case.

3. At **Dkt. 51** on the same day, the defendant moved to strike jury trials.

4. There is a reference to jury trials in CLJA:

   > SEC. 804(d). Exclusive Jurisdiction And Venue.—The United States District Court for the Eastern District of North Carolina shall have exclusive jurisdiction over any action filed under subsection (b), and shall be the exclusive venue for such an action. **Nothing in this subsection shall impair the right of any party to a trial by jury.**

5. The defendant wants that right to be snuffed out for not being clear enough.

6. However, Congress does not mention jury trials lightly and the reference means there is such a right. Even DOJ realized it during the legislative process when CLJA was before Congress and DOJ made recommendations.

7. Defendant's counsel at DOJ provided its views on the CLJA as pending in section 706 before Congress on **May 2, 2022. Dkt. 51-2, page 2**. It is important to note that DOJ recognized this language as generating a jury trial right. DOJ said at **Dkt. 51-2** the following in describing CLJA:

8. **Page 2** of **Dkt. 51-2**: "Section 706 also restarts the statute of limitations for Camp LeJeune suits, lowers the standard of proof on causation, and **permits jury trials** that **would not be available under the FTCA**."

9. On **page 3** of **Dkt. 51-2**, DOJ again recognized that the CLJA claims may go before a jury potentially:

> While the bill aims to make recovery more likely by removing certain federal defenses and lowering relevant burdens, the bill still requires those injured to pursue the lengthy path of litigation—requiring individuals to first file administrative claims with the Department of Defense, then file a lawsuit in district court, then prove causation and damages (**potentially before a jury**), and then withstand a potential appeal.

10. Also on **page 3** of **Dkt. 51-2**, DOJ again mentioned the jury trial right in CLJA:

> Third, we worry that Section 706, as currently drafted, would result in differing recoveries to similarly situated plaintiffs. Especially **if damages awards are to be decided by a jury, as the statute contemplates**, it is likely that litigation will produce a broad range of remedial outcomes even among plaintiffs who have suffered similar harms.

2

11. Section 706 was CLJA before it was placed within S. 3373 and upon passage of the **PACT Act**, became **Section 804 of CLJA**.
12. DOJ can't keep its own story straight. Mr. Haron Anwar, counsel for the defendant, cannot argue that there is no jury trial right after DOJ advised Congress that the CLJA **contains a jury trial right** that DOJ advised Congress not to include.
13. Congress decides the jury trial right, not unelected lawyers in DOJ.
14. DOJ does not get to oppose what Congress wanted and the president signed and then get another bite at the apple to remove the jury trial right after **Congress rejected DOJ's advice**.
15. It is obvious on its face that DOJ believed there to be a jury trial right in this proposed statute lasts year that FTCA does not have. DOJ said so. But that difference shows that these are separate laws with differing mechanisms whether DOJ approves or not.
16. DOJ was **not elected to pass any laws** but is a part of the executive branch that must respect and fully enforce what Congress and the president made into law.
17. DOJ is *under* the president. They are not a separate branch of government with more power than the actual 3 branches laid out in the Constitution.
18. Mr. Anwar's motion to strike is not in good faith and his appendix at **Dkt. 51-2** does not support his argument or the relief he seeks in **Dkts. 51** and **51-1**.

WHEREFORE, my family and I find Mr. Anwar's attempt to undermine and remove via a kind of **line-item DOJ veto** a **CLJA jury trial right that exists**. He should be

3

punished for even suggesting the jury trial demand be stricken. I would also note that I made a motion to the Fourth Circuit to force the government to offer every CLJA claimant the full amount requested in the Navy JAG claim forms. *Straw v. U.S.*, 23-2156 (4th Cir.) (**Dkt. 24 – not opposed**). This result seems even more appropriate with the government trying to **undermine the jury trial right** and limit damages to what is found in the claim forms, and impose an administrative will on Congress and the president that the law does not justify in its language. DOJ must learn **humility** before this mass of victims DOJ blocked from justice in MDL-2218, including me and my family members here, making this new law necessary. DOJ's unethical and immoral opposition to these victims is why Congress did NOT listen to DOJ in passing this law and neither should this Court in interpreting it.

I, Andrew U. D. Straw, verify that the above statements are true and correct on penalty of perjury.

Respectfully submitted this **22nd Day of November, 2023.**

*Andrew U. D. Straw*

Andrew U. D. Straw, *Proceeding Pro Se*
9169 W STATE ST STE 690
Garden City, ID 83714-1733
Telephone: (847) 807-5237
Email: andrew@andrewstraw.com

# CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on **November 22, 2023**, I sent this **LETTER** to the Clerk of Court via U.S. Priority Mail. CM/ECF will serve these documents to defendant's counsel upon scanning by the Clerk into PDF format.

Respectfully submitted,

*[signature: Andrew U. D. Straw]*

PROPOSED COUNSEL

s/ ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 83714-1733
Telephone: (847) 807-5237
Email: andrew@andrewstraw.com