IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1475-FL

ESTATE OF SANDRA K. STEVENS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

**MEMORANDUM & RECOMMENDATION**

This is a Camp Lejeune Justice Act ("CLJA") case initiated by Andrew U. D. Straw ("Straw") on behalf of his deceased mother's estate. On October 31, 2023, Straw filed a short-form complaint pursuant to Section VI of Case Management Order No. 2 entered in *In re Camp Lejeune Water Litig.*, No. 7:23-CV-897 (E.D.N.C.) ("CLJA master case"). (Compl. [DE #1]); *see also* Case Management Order No. 2, *In re Camp Lejeune Water Litig.* No. 7:23-CV-897, ECF No. 23 (E.D.N.C. Sept. 26, 2023). Straw also filed a motion requesting that the court allow him to act as counsel for the estate and an application requesting that the estate be allowed to proceed in forma pauperis. For the reasons set forth below, it is recommended that the IFP application and Straw's motion to act as counsel be denied and the action be dismissed without prejudice.

## DISCUSSION

Following the clerk's receipt on October 31, 2023, of the short-form complaint and Straw's motion for leave to represent the estate, a deficiency order was entered

on November 2, 2023, informing Straw that the short-form complaint was not signed and that he "must either file a proper long form application to proceed without prepayment of fees or pay [the] $402.00" filing fee. (Deficiency Order [DE #2] at 1.) Straw was given fourteen days to correct the deficiencies and warned that failure to comply may result in dismissal of the action without prejudice for failure to prosecute. (*Id.* at 2.) On November 8, 2023, Straw filed a copy of the complaint signed by him as "Proposed Counsel for Estate & Estate Administrator." (Am. Compl. [DE #5].) On November 13, 2023, a second deficiency order was entered informing Straw he "must either file a proper long form application to proceed without prepayment of fees or pay $402.00" within fourteen days. (2d Deficiency Order [DE #3].) Straw was warned that failure to comply may result in dismissal of the action without prejudice for failure to prosecute. (*Id.* at 2.) Straw did not submit the filing fee, but instead filed an application to proceed without prepayment of fees on behalf of the estate, listing no estate income, assets, debts, or expenses. (IFP Application [DE #8].) Straw also submitted, on November 29, 2023, an affidavit declaring he is the administrator of his mother's estate. (Aff. Admin. [DE #11].) Most recently, on December 29, 2023, Straw filed a notice purporting to voluntarily dismiss the action without prejudice to the right to refile the action at a later date. (Notice Vol. Dismiss [DE #14].)

## I. Application to Proceed without Prepayment of Fees

The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). However, "only a natural person may qualify for treatment in forma pauperis." *Rowland v. Cal. Men's Colony, Unit II Advisory Council*, 506 U.S. 194, 196 (1993). A decedent's estate is not a "natural person" qualifying for treatment in forma pauperis. *In re Estate of Van Patten*, 553 F. App'x 328, 328 (4th Cir. 2014) (unpublished). Accordingly, Straw's application requesting that his mother's estate be allowed to proceed without prepayment of fees should be denied.

**II. Motion for Authorization to Act as Counsel**

Also before the court is Straw's motion for leave to represent his mother's estate. (Mot. Leave Appt. Counsel [DE #2].) Straw represents that he is the duly authorized administrator of his mother's estate, that he was previously licensed to practice law in Indiana and Virginia, that as a duly licensed attorney he represented his mother's estate in related multi-district litigation prior to the CLJA's enactment, and that he remains a member of the bar of the Fourth Circuit Court of Appeals. (*Id.* ¶¶ 21, 27, 29.) Straw asks the court to suspend its local rules to allow him to represent his mother's estate in the CLJA action before this court.

While individuals may represent themselves in federal court, an estate is an artificial entity and may appear in federal court only through a licensed attorney. *Rowland*, 506 U.S. at 202–03. Even assuming Straw is duly authorized under state law to act as the personal representative of his mother's estate, his motion indicates he is no longer a duly licensed attorney. Though the court has authority to suspend its rules, such authority is not without limitation. Thus, this court may permit an

attorney licensed in another jurisdiction to practice before it, it cannot assent to the unauthorized practice of law in violation of state law. Accordingly, Straw's motion to represent the estate should be denied.

## III. Dismissal of Action

Rule 41(a) of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Dismissal is generally without prejudice unless the plaintiff previously dismissed an action "based on or including the same claim," in which case the notice "operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

Here, no answer or motion for summary judgment has been docketed in this action and, at first blush, it would appear Straw's notice purporting to voluntarily dismiss the action without prejudice is timely. However, an answer has been filed by the United States in the CLJA master case, and Case Management Order No. 2 provides that the answer is deemed filed in each individual CLJA action when applicable. *In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, ECF No. 23, at 3 ("All . . . pleadings . . . will, when filed and docketed in the Master Docket case file, be deemed filed and docketed in each individual CLJA action that is on file when applicable."), 6 ("Defendant is not obligated to answer the allegations in the Short Form Complaints."). Thus, the time for filing a notice of voluntary dismissal has elapsed. There being no stipulation of dismissal signed by all parties who have

appeared, the undersigned construes Straw's filing as a motion to voluntarily dismiss the action pursuant to Rule 41(a)(2).

Given the estate's incapacity to proceed without counsel and its failure to pay the filing fee, as well as its administrator's request to voluntarily dismiss the action, it is recommended that the action be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED as follows:

1. That the application to proceed without prepayment of fees [DE #8] be DENIED;

2. That Straw's motion for leave to represent the estate [DE #2] be DENIED;

3. That the notice of voluntary dismissal [DE #14] be construed as a motion to voluntarily dismiss the action without prejudice pursuant to Rule 41(a)(2); and

4. That the Rule 41(a)(2) motion to voluntarily dismiss the action without prejudice be GRANTED or, alternatively, that the action be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff, who is hereby advised as follows:

You shall have until **January 24, 2024**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may

accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 10th day of January 2024.

KIMBERLY A. SWANK
United States Magistrate Judge